UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARMILA SN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADRIAN MATA,<br><br>　　　　Defendant. | No. 2:22-cv-01788 KJM AC PS<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. Along with the complaint, plaintiff filed an ex parte motion to be instated as the Transitional Governor of California until December of 2030. ECF No. 3.

I.  SCREENING

　　　A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the

complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II. THE COMPLAINT

Plaintiff alleges that they moved to California on August 8th. Plaintiff asks for an order installing them as the Transitional Governor of the State and allowing them to move into the Governor's Mansion. ECF No. 1 at 2. Plaintiff sues the Governor's Director of Constitutional Affairs, Adrian Mata. Id. Plaintiff asserts jurisdiction based on federal question, and when asked to list the basis for federal question jurisdiction writes "The U.S. Constitution." Id. at 4. The handwriting on the remainder of the Complaint is difficult to decipher, but from what the Court can read, plaintiff alleges President Joe Biden passed a law regarding marijuana per the U.S. Constitution impacting this case. Id. at 5.

Plaintiff's ex-parte motion (ECF No. 3) sheds some light on plaintiff's claims. In this motion, plaintiff asks the court to take judicial action to install plaintiff as California Transition Governor from May 3, 2022 through December 2030 per the U.S. Constitution and legal changes with respect to marijuana policy and other laws. ECF No. 3 at 1. In this document, plaintiff indicates that defendant Mata told plaintiff that plaintiff needed an executive order from the President indicating that plaintiff has been elected as the Governor of California. Id. at 5-6. Plaintiff sent a letter to President Biden asking for an executive order instating plaintiff as governor with a salary of $210,000, but plaintiff did not receive a response. Id. at 6. Plaintiff describes engaging in various efforts to obtain the executive order, including calling the White House, going to the FBI in Sacramento, requesting help from the Attorney General's office, and even flying to Washington, D.C. Id. Plaintiff went to the Sacramento Superior Civil Court for assistance and was told this was a Federal Court matter. Id. at 7.

## III. ANALYSIS

The complaint does not contain facts supporting any cognizable legal claim against any defendant. The court finds that the complaint consists entirely of fanciful and delusional

allegations with no plausible basis in law and no plausible supporting facts.  See ECF No. 1.  The court has no authority to issue an executive order or install plaintiff as the Governor of California.  The contents of the complaint are sufficiently fanciful and unintelligible to make it clear that leave to amend in this case would not be fruitful.  The undersigned will therefore recommend that the complaint be dismissed with prejudice.  The ex parte motion will be denied for the same reasons.

IV.   PRO SE PLAITNIFF'S SUMMARY

Your case does not state a federal legal claim and cannot proceed.  The federal court has no authority to issue an executive order or make you the Governor of the State of California.  Your ex parte motion is denied, and it is recommended that this case be dismissed with prejudice.

V.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED, and that plaintiff's ex parte motion (ECF No. 3) is DENIED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: October 11, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE